**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RICHARD FANSLER, et al.,

Plaintiffs,

v. Case No. 8:26-cv-1071-TPB-AEP

CHASTAIN-SKILLMAN, LLC and
THE DRUMMOND COMPANY, INC.,

Defendants.
_______________________________/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**

This matter is before the Court on "Defendant Drummond Company, Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint" (Doc. 60) and "Defendant Chastain-Skillman, LLC's Motion to Dismiss Plaintiffs' Second Amended Complaint" (Doc. 61). Plaintiff Richard Fansler filed responses in opposition. (Docs. 63; 64). Upon review of the motions, responses, court file, and record, the Court finds as follows:

**Background**[1]

This case concerns alleged radioactive contamination of residential property located on former phosphate-mining land in Polk County, Florida. Drummond and its predecessors conducted mining and reclamation activities in the area, and Chastain-

[1] The Court accepts as true the facts alleged in Plaintiffs' second amended complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Skillman allegedly provided engineering and environmental services in connection with the reclamation of the land for residential development.

Plaintiff purchased his property in July 2014. According to the second amended complaint, Defendants' activities caused radioactive mining materials, including radium-226, to remain on and around the property. Plaintiff alleges that these materials continue to emit radiation, damaging his property, reducing its value, and interfering with his use and enjoyment of it. He further alleges that the contamination was latent and that he was unaware of it when he purchased the property.

In March 2017, a putative class action involving substantially similar allegations was filed against Drummond. *See Jerue v. Drummond Co., Inc.*, Case No. 8:17-cv-587. Plaintiff alleges that he was an absent member of the proposed class. Class certification was denied in October 2023.

As for the instant case, fourteen separate plaintiffs filed a lawsuit on August 22, 2025, in the Tenth Judicial Circuit Court in and for Polk County, Florida. Defendants removed the case on April 14, 2026. The Court severed all claims other than those alleged by the first-named Plaintiff, Richard Fansler, and permitted those other plaintiffs to commence their suits in separate individual actions. For clarity, the Court directed that Plaintiff Richard Fansler file a second amended complaint.

In the second amended complaint, Plaintiff asserts six claims: statutory strict liability under Chapter 376, Florida Statutes (Counts I and II); negligence and negligence per se (Counts III and IV); and private nuisance (Counts V and VI). Each

cause of action is asserted separately against Drummond and Chastain-Skillman. Defendants move to dismiss the claims as untimely and for failure to state a claim.

**Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

**Analysis**

***Statutes of Limitations***

Defendants argue that Plaintiff's claims are barred by the applicable statutes of limitations. The parties dispute which limitations periods apply, when Plaintiff's

claims accrued, and whether any tolling doctrines preserve the claims.[2] The Court need not resolve these issues at this stage. An affirmative defense, including a statute of limitations, ordinarily warrants dismissal only when it is apparent from the face of the complaint. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The second amended complaint does not establish when Plaintiff discovered, or reasonably should have discovered, the alleged contamination and its cause. Although the alleged mining and reclamation activities occurred decades ago, Plaintiff alleges that the resulting contamination was latent and that he was unaware of it when he purchased his property. Accordingly, the Court cannot conclude from the face of the complaint that Plaintiff's claims are time-barred. Defendants may renew their limitations arguments, if appropriate, at summary judgment.

***Statute of Repose***

Defendants also argue that Plaintiff's claims are barred by the construction-related statute of repose in § 95.11(3)(b), *F.S.* They contend that reclaiming the former phosphate mine for residential development constituted an improvement to real property and that the applicable repose period expired long before this action was filed. Plaintiff responds that his claims arise from the discharge and mismanagement of radioactive materials rather than the design or construction of an improvement to real property.

---

[2] Because the complaint does not establish when Plaintiff's claims accrued, the Court need not decide whether class-action tolling applies to the claims against Chastain-Skillman. But the Court notes that Chastain-Skillman was not a defendant in the *Jerue* litigation, and courts have generally declined to extend *American Pipe* class-action tolling to claims against defendants not named in the original class action. *See Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 567-68 (6th Cir. 2005).

The Court recognizes that reclamation activities undertaken to prepare land for residential development may constitute improvements to real property. And the fact that Plaintiff characterizes his claims as involving environmental contamination does not necessarily place them outside the statute. *See Manney v. MBV Eng'g, Inc.*, 273 So. 3d 214, 216 (Fla. 5th DCA 2019). Nevertheless, the pleadings do not conclusively establish that the activities underlying Plaintiff's claims fall within the statute or that the applicable repose period has expired. Those questions depend, in part, on the nature and completion of the reclamation work, the statutory version governing the alleged activities, and the events triggering the repose period. Although Defendants contend that reclamation necessarily preceded construction of Plaintiff's residence, that fact alone does not resolve the inquiry.

Accordingly, dismissal under the statute of repose is premature. Defendants may renew this defense at summary judgment, if appropriate.

***Chapter 376 Claims (Counts I and II)***

Defendants next argue that Plaintiff fails to state claims under § 376.313(3), *F.S.* Section 376.313(3) provides a private cause of action for damages resulting from a discharge or other condition of pollution covered by the statute. The statute imposes liability without requiring proof of negligence. *See Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216, 1221-22 (Fla. 2010).

In the second amended complaint, Plaintiff alleges that Drummond released, placed, or redistributed radioactive mining materials during its mining and reclamation activities. He further alleges that Chastain-Skillman participated in handling and managing those materials through its engineering and environmental

work. According to the second amended complaint, those activities caused or contributed to radioactive contamination affecting Plaintiff's property.

Defendants dispute whether the alleged materials are covered by the relevant statutory provisions and whether their respective conduct supports liability. But at this stage, Plaintiff has sufficiently alleged that Defendants' respective activities caused or contributed to a discharge or other condition of pollution affecting his property and resulting in damages. Whether Plaintiff can ultimately establish the statutory requirements for liability and each Defendant's responsibility is a matter for further proceedings. Accordingly, the motions are denied as to Counts I and II.

***Negligence and Negligence Per Se (Counts III and IV)***

Defendants also seek dismissal of Plaintiff's negligence claims. Under Florida law, a negligence claim requires a duty of care, breach of that duty, causation, and damages. *Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216, 1227 (Fla. 2010). Plaintiff alleges that Drummond owed duties to exercise reasonable care in its mining, waste-management, and reclamation activities. He similarly alleges that Chastain-Skillman owed duties arising from its engineering and environmental services. Plaintiff further alleges that Defendants breached their respective duties by failing to investigate, handle, contain, or remediate radioactive materials and by failing to address or warn of known hazards. According to the complaint, those acts and omissions caused contamination affecting Plaintiff's property and resulting in damages.

Accepting these allegations as true, the Court finds that Plaintiff has sufficiently stated negligence claims against both Defendants. *See Jerue*, 2017 WL 10876737, at *9-11 (M.D. Fla. Aug. 17, 2017). The Court need not decide at this stage

whether the statutory and regulatory provisions identified in the complaint independently establish negligence per se or instead constitute evidence of negligence. Accordingly, the motions are denied as to Counts III and IV.

***Private Nuisance (Counts V and VI)***

Defendants argue that Plaintiff's private nuisance claims fail because the alleged contamination existed before Plaintiff purchased his property. "[A] private nuisance [is] a nontrespassory invasion of another's interest in the private use and enjoyment of land." *Phila. Elec. Co. v. Hercules, Inc.*, 762 F.2d 303, 313 (3d Cir. 1985). However, a purchaser generally cannot maintain a private nuisance action against the party responsible for a harmful condition existing on the property at the time of purchase. *See Morgan v. W.R. Grace & Co.*, 779 So. 2d 503, 507 (Fla. 2d DCA 2000); *see also Philadelphia Elec. Co.*, 762 F.2d at 314-15.

In *Morgan*, the Second District Court of Appeal rejected a private nuisance claim involving radioactive contamination from historical phosphate-mining activities. The court explained that a subsequent purchaser could not maintain a nuisance claim against the party responsible for the preexisting condition of the property. *Morgan*, 779 So. 2d at 507. Another judge of this Court reached the same conclusion in the related *Jerue* litigation. *See Jerue*, 2017 WL 10876737, at *13.

The same reasoning applies here. Plaintiff's nuisance claims arise from radioactive contamination allegedly caused by Defendants' mining and reclamation activities, all of which occurred before Plaintiff purchased his property in 2014. Plaintiff attempts to distinguish his claims by alleging that radioactive materials continue to emit radiation and migrate from surrounding portions of the former mine

area onto his property. But these allegations describe the continuing effects of the same historical contamination rather than a distinct, actionable nuisance. Accordingly, Plaintiff fails to state private nuisance claims, and Counts V and VI are dismissed with prejudice.

***Shotgun Pleading***

Finally, Defendants argue that the second amended complaint constitutes an impermissible shotgun pleading because each count incorporates preceding allegations. Although the incorporation language is unnecessarily broad, the complaint separately identifies the claims asserted against each Defendant and sufficiently describes the conduct underlying those claims. The Court can determine which claims are asserted, against whom they are asserted, and the factual basis for each claim. Accordingly, the Court declines to dismiss the complaint on this ground. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Drummond Company, Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint" (Doc. 60) is **GRANTED IN PART** and **DENIED IN PART**.
2. "Defendant Chastain-Skillman, LLC's Motion to Dismiss Plaintiffs' Second Amended Complaint" (Doc. 61) is **GRANTED IN PART** and **DENIED IN PART**.

3. Counts V and VI of the second amended complaint (Doc. 58) are **DISMISSED WITH PREJUDICE**.
4. The motions are otherwise **DENIED**. Counts I, II, III, and IV remain pending. Defendants may renew their statutes-of-limitations and repose defenses at summary judgment, as appropriate.
5. Defendants are directed to file an answer on or before November 12, 2026.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of October, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE